WR-82,596-01

3 / 1 / 2015

TO: Abel Acosta (clerk)
    Court of Criminal Appeals
    P. O. BOX 12308
    Capitol Station, Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 04 2015

Abel Acosta, Clerk

FROM: DERRICK JARROD JONES #741311
      C/O ESTELLE UNIT
      264 FM 3478
      Huntsville, TX 77320

RE: Petition for Discretionary Review    Tr. Ct. NO. F31521-1    WR-82,596-01

Dear Clerk,

        Enclosed is the Petitioners paperwork for Petition for Discretionary Review. Petitioner asks that you please file with the Court of Criminal Appeals.

                                Respectfully Submitted
                                Derrick Jarrod Jones #741311
                                Petitioner Pro Se

# Table of Contents

Page No.

Index of Authorities ........................... ii

Petition for Discretionary Review ........................... iii

Statement Regarding Oral Argument ........................... p. 1

Statement of Case ........................... p. 1

Statement of Procedural History ........................... p. 2

Grounds for Review:

Time Credit Dispute ........................... p. 2

~~Supplemental Issue regarding calculation~~

Argument and Authorities ........................... p. 3 - 6

Conclusion ........................... p. 6

Prayer for Relief ........................... p. 7

## Index of Authorities

| | Page No. |
|---|---|
| Ex Parte Allen 548 S.W. 2d | p. 4 |
| Ex Parte Bynum 772 S.W. 2d | p. 4 |
| Ex Parte Canada 754 S.W. 2d | p. 4 |
| Ex Parte Nannington 832 S.W. 2d 355 | p. 6 |
| Ex Parte Spates 521 S.W. 2d | p. 4 |
| Ex Parte Wickware 853 S.W. 2d | p. 6 |
| Ex Parte Williams 589 S.W. 2d | p. 4 |
| | |
| Jimerson vs. STATE 957 S.W. 2d | p. 4 |
| Shaw vs. STATE 539 S.W. 2d | p. 6 |
| | |
| Tex R. App. Proc. Rule 23 | p. 3, iii |
| Tex R. Civ. Proc. Rule 316 | p. 5, iii |
| Tex R. Code of Crim. Proc: | |
| Art. 42.01 Judgement | p. 0,5 iii |
| Art. 42.03 Pronouncing Sentence | p. 0,5,6 iii |
| Art. 42.08 Cummulative or Concurrent Sentence | p. 0,5,6 iii |
| Art. 42.09 Commencement of Sentence | p. 0,5 iii |
| Art. 42.18 | p. 0,6 iii |

DERRICK JARROD JONES        Re: Tr. Ct. No. F31521-1

            vs.                       WR-82,596-01

STATE OF TEXAS

## Petition For Discretionary Review

Comes now \* \* \* cautious, DERRICK JARROD JONES Petitioner Pro Se in the above styled and numbered cause hereby moves this Honorable Court of Criminal Appeals to correct the Petitioners time credit on sentence and final Judgement imposed in said cause in accordance with Tex. R. App. Proc. 23 2(a)(b); Tex R. Civ. Pro. Rule 316; Tex R. CCP. Art 42.01 (Judgement); Art 42.03 (Pronouncing Sentence); Art. 42.08 (cumulative or concurrent sentence); ART. 42.09 (commencement of Sentence) and Art. 42.18

iii

## Statement Regarding Oral Argument

Petitioner concedes that as it pertains to this Petition for Discretionary Review that an oral argument is not deemed necessary and is waived.

## Statement of the Case

Petitioner was on Parole after spending 8 yrs. 5 months on a 30 yr. sentence in T.D.C.J. from a plea bargain out of Denton County, Tx. After 5 yrs. of Supervision Petitioner violated parole with a new case of Sexual Assault of a Child split in two counties with charges out of Taylor County cause no. 23246-A and Stephens County F31521. Both charges involve the same alleged victim. The Petitioner was arrested and detained on said charges in Collin County, Tx Aug. 3, 2008. Petitioner was transferred to Stephens County (10) days later on August 13, 2008 where he awaited trial on cause # F31521 with an active detainer in Taylor County on same charges. Between September 23, 2009 - October 6, 2009 Petitioner was picked up by Taylor County where he plead to an 8 yr. Sentence to be ran concurrent with all other sentences. Petitioner was transferred back to Stephens County where he awaited trial on cause # F31521 but Was later chained to T.D.C.J. pending the Holding Conviction from Taylor County 42nd District Court cause # 23246 A. An active detainer was still in place from Stephens County cause # F31521. After 662 days / 21 months 12 days the Petitioner was bench warranted back to Stephens County where he plead to 8 yrs. T.D.C.J. in the 90th District Court to run concurrent with all other sentences September 1, 2011. Credit for time in confinement while on detainer was part of the Petitioners Final Judgement.

(1)

## Statement of Procedural History

Petitioner received an official notice from the Honorable Court of Criminal Appeals of Texas pursuant to Tr. Ct. No. F31521-1 WR-82,596-01 stating that the petitioners application of Writ of Habeas Corpus has been dismissed without written order. 2/4/2015.

## Grounds for Review

1) Petitioner was not duly credited for the full amount of flat time earned in the courts final judgement while in physical custody of the state awaiting litigation from an active detainer pursuant to cause no. F 31521 in the 90th District Court, Stephens County.

( 2 )

## Arguments and Authorities

## I.

Tex R. App. Proc. Rule 23 - NUNC PRO TUNC Proceeding in Criminal Case : Rule 23.2 :

when a sentence is pronounced, the trial court __MUST__ give the defendant credit on that sentence for :

    (a) all time the defendant has been confined since the time when indictment and sentence should have been entered and pronounced, and ;

    (b) all time between the defendants arrest and confinement to the time when judgement and sentence should have been entered and pronounced

Petitioner DERRICK JARROD JONES was arrested and detained in Collin County jail pursuant to charges from Stephens County; F 31521 and Taylor County; 23246-A on the 3rd day of August 2008. Petitioner plead to 8yrs. T.D.C.J out of the 42nd District Court, Taylor County in October, 2009 with the sentence to be ran concurrent with all other sentences. Petitioner was later transferred back to Stephens County where he still awaited a court date. Petitioner was transferred to T.D.C.J on the holding conviction pursuant to cause# 23246-A Nov. 30, 2009. An active detainer was in place pending litigation pursuant to cause # F-31521 in Stephens County 90th District Court. After 662 days / 21 months 12 days of negotiations with the petitioners attorney while in physical custody of the STATE, Petitioner was bench warranted back to Stephens County where he plead to an 8 yr sentence to be ran concurrent September 01, 2011 in the 90th District Court.

Pursuant to Ex Parte Bynum 772 S.W. 2d 113 (Tex Crim. App. 1989) while in T.D.C.J.-I.D on other charges, when a detainer is placed against you, so long as the detainer is not withdrawn (was not withdrawn in this case), defendant should get credit for the time from the placing of detainer to the date of sentencing. If the detainer is placed and then withdrawn and you are later sentenced on the case the defendant is eligible for the time the detainer was in place. See also Jimerson vs. State 957 S.W. 2d 875 (1975); Ex Parte Williams 589 S.W. 2d 711 (Tex Crim App. 1972); Ex Parte Spates 521 S.W. 2d 265 (Tex Crim. App. 1975), Ex Parte Canada 754 S.W.2d 660 (Tex Crim. App. 1988) Ex Parte Allen 548 S.W. 2d 905 (Tex Crim App 1977)

( 4 )

# II.

Texas R. Civ. Proc. Rule 316 - Correction of Clerical Mistakes in Judgement:

"Clerical mistakes in the record of any judgement may be corrected by the Judge in open Court according to the truth or justice of the case after notice of the motion therefore has been given to the parties interested in such a judgement, as provided in 21(a), and thereafter the execution shall conform to the judgement as amended."

Texas C.C.P. Art. 42.03 - Pronouncing Sentence; Time: Credit for Time Spent in jail between arrest and sentencing or pending appeal: See: 2(a):

"In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time the defendant has spent in jail in said cause other than confinement served as a condition of commitment supervision, from the time of his arrest and confinement until his sentence by the court is imposed."

Pursuant to the operation of law the Petitioner is legally due time credits towards the sentence imposed in cause NO. F31521 dating back to the day the detainer was placed against his person on the 3rd day of August 2008. Petitioner pointed out the error of time credited to his Attorney Gary D. Peak. The error was brought before the court and the Honorable Judge Stephen O. Crawford allowed the petitioner to appeal the final judgement on open record. All of Petitioners sentences should be running concurrent - see CCP. Art. 42.01 and Art. 42.08 & Art 42.09

5

Pursuant to Ex Parte Hannington 832 S.W. 2d 355 (June 3, 1992) under statute entitling defendant to credit on sentence for time spent in jail in that cause from time of arrest and confinement until sentencing, credit MUST be given for ALL time in jail prior to sentence in each cause even if the effect is to give "double credit" when sentences are consecutive and defendant was detained on more than one cause at the same time; decision of the Court of Criminal Appeals in Ex Parte Bynum which so held was not limited to detainers. Texas C.C.P. Articles 12.03 § 2(a), 42.08, 42.18 § 8(b)

Pursuant to F31521, Petitioner DERRICK JARROD JONES T.D.C.J timeslip projected release date, T.D.C.J. calculated date and Parole interview date have been directly effected by pushing his flat time to be served on (2) concurrent 8yr. Sentences to approximately 10 yrs. due to proper credit not being awarded on the Petitioners final judgement. Petitioner has been incarcerated and in physical custody of the STATE since August 3rd, 2008.

Look to Ex Parte Wickware 853 S.W. 2d 571 (May 5, 1993) it was held that jail credits must be given in every case for which defendant was incarcerated prior to his sentencing even if it means that the effect will be that he gets double credit on the total sum of the cummulated sentences. Proper credit on each sentence MUST be given. see also Shaw v. STATE 539 s.w. 2d 887 (1976).

## Conclusion

In conclusion to cause # F31521 it can be clearly gleaned that the time credits pursued by the Petitioner are due to him in accordance to law.

6

## Prayer for Relief

Wherefore, Petitioner prays that this Honorable Court of Criminal Appeals, after careful review and consideration of this Petition for Discretionary Review would hereby grant his petition and amend ALL records to reflect a total of 662 days / 21 months 12 days to be credited to the Petitioners sentence and final Judgement cause # F 31521 and that the Honorable Court of Criminal Appeals issue the proper documents to reflect this credit to be transmitted to the T.D.C.J.-ID Classifications Department.

Respectfully Submitted,

Derrick Jarrod Jones  ¹⁴ 741311

Petitioner Pro Se

7